**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **PHAN TIEN VU,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-922-KC** |
| | § | |
| **MARY DE ANDA-YBARRA et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Phan Tien Vu's Petition for a Writ of Habeas Corpus, ECF No. 3. On April 2, 2026, the Court ordered Respondents to show cause why the application for a writ of habeas corpus should not be granted. Apr. 2, 2026, Order 2, ECF No. 2. Respondents were to specify: the circumstances that make Vu's removal likely, what concrete steps and obstacles remain to effectuate removal, and the anticipated timeline for completion. *Id.* at 2–3.

Vu is a Vietnamese citizen who was admitted into the United States in 1975. Resp. 2, ECF No. 6. He became a Lawful Permanent Resident ("LPR"). *Id.* In 2005, an immigration judge ("IJ") ordered that Vu be removed to Vietnam due to his criminal convictions. *Id.* For unspecified reasons, he was not removed at that time, but instead, eventually released under an Order of Supervision ("OSUP"). Resp. Ex. D ("Record of Deportable/Inadmissible Alien") 2, ECF No. 6-4. On January 15, 2026, Vu was detained by immigration authorities again. *Id.* In terms of removal efforts, Respondents state that Vu's case "has now been referred to [the] travel team who will begin the process of requesting a travel document for [Vu's] removal." Resp. Ex.

A ("Tello Decl.") ¶ 6, ECF No. 6-1.  Thus, no travel document request has been submitted.  *See id.* ¶¶ 6–8.  Respondents do not have an anticipated timeline for Vu's removal.  *Id.* ¶ 9.

Although it has been three months since Vu was re-detained, Respondents have just now "referred" the case to their "travel team" who will now "begin working" on requesting travel documents for Vu.  *Id.* ¶¶ 6–8.  Such a delay in initiating efforts to remove Vu is incongruent with Respondents' argument that "changed circumstances" warranted re-detaining Vu "in anticipat[ion]of a likely removal to Vietnam."  Resp. 9.  Nevertheless, the Court affords Respondents an additional opportunity to take concrete steps to execute Vu's removal order.

Accordingly, Respondents are **ORDERED** to **FILE** a status update by **no later than May 15, 2026**, specifying:

(1) Whether Vu's travel document request has been submitted internally for approval,

(2) Whether Vu's travel document request has been approved internally,

(3) Whether Vu's travel document request has been submitted to Vietnam, and

(4) The anticipated timeline for Vu's removal from the United States.

Respondents are **CAUTIONED** that absent a well-justified explanation, the Court will not look favorably upon a failure to submit Vu's travel document request to Vietnam by May 8.

**SO ORDERED**.

**SIGNED this 17th day of April, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE