IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| PHAN TIEN VU, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. EP-26-CV-922-KC |
| | § | |
| MARY DE ANDA-YBARRA et al., | § | |
| | § | |
| Respondents. | § | |

## ORDER

On this day, the Court considered Phan Tien Vu's Petition for a Writ of Habeas Corpus, ECF No. 3.

## I.   BACKGROUND

### A.   Arrival in the United States & Immigration Proceedings

Vu, a citizen of Vietnam, was admitted to the United States in 1975 "as an Indefinite Parolee." Resp. 2, ECF No. 6. In 1979, he became a Lawful Permanent Resident ("LPR"), but he lost his LPR status and was ordered removed in 2005 after a criminal conviction in 1987. *Id.* On January 15, 2026, he was detained by Immigration and Customs Enforcement ("ICE"). *Id.*; Pet. ¶ 11. Prior to his detention, he was reporting yearly for ICE check-ins under an Order of Supervision ("OSUP"). Pet. ¶¶ 13, 15. Previously, ICE attempted to remove Vu to Vietnam, but he was not removed because it was "difficult to obtain travel documents." *Id.* ¶ 13. Vu has lived in Minnesota for the last eleven years. *Id.* ¶ 13. He has now been detained for about four months.

Vu is detained at the El Paso Service Processing Center in El Paso, Texas. *Id.* ¶ 2. He argues that his detention is unlawful and asks the Court to order his release. *Id.* ¶¶ 13–15.

**B.      Procedural History**

On April 1, 2026, Vu filed his Petition.  *Id.*  On April 2, 2026, the Court ordered Respondents to show cause why the application for a writ of habeas corpus should not be granted.  Apr. 2, 2026, Order 2, ECF No. 2.  Respondents were to specify: the circumstances that make Vu's removal likely, what concrete steps and obstacles remain to effectuate removal, and the anticipated timeline for completion.  *Id.* at 2–3.  In answer to the Court's Show Cause Order, Respondents argued that Vu's removal is "significant[ly] likely in the reasonably foreseeable future."  Resp. 2.  In terms of removal efforts, Respondents stated that Vu's case had "now been referred to [the] travel team who will begin the process of requesting a travel document for [Vu's] removal."  Resp. Ex. A ("1st Tello Decl.") ¶ 6, ECF No. 6-1.  Thus, no travel document request had been submitted.  *See id.* ¶¶ 6–8.  Respondents did not have an anticipated timeline for Vu's removal.  *Id.* ¶ 9.

The Court provided Respondents with about one month to continue working towards Vu's removal.  Apr. 17, 2026, Order 2, ECF No. 7.  At that time, the Court noted that it had taken Respondents three months since Vu's re-detention to begin any efforts to remove him.  *Id.*  Thus, the Court cautioned Petitioners that "absent a well-justified explanation" the Court would "not look favorably upon a failure to submit Vu's travel document request to Vietnam by May 8."  *Id.*

On April 17, Respondents informed the Court that ERO El Paso was waiting on translations of key documents before it could submit a travel document request to ERO Headquarters for internal approval.  Decl. Guadalupe Tello ("2d Tello Decl.") ¶¶ 11–17, ECF No. 9-1.  Only after internal approval, the "request will be formally submitted to Vietnam."  *Id.* ¶ 18.  Now, Respondents provide an additional update.  *See* Status Report, ECF No. 11.

Translation was apparently completed, because on April 23, 2026, "ERO El Paso submitted a travel document request for [Vu] to ERO Headquarters (HQ), Removal and International Operations (RIO) for Vietnam." *Id.* Ex. A ("Salazar Decl.") ¶ 5, ECF No. 11-1.  The travel document request has not been approved internally and therefore, has not been submitted to Vietnam.  *Id.* ¶¶ 6–7.  Respondents do not have an anticipated timeline for Vu's removal.  *Id.* ¶ 8.

## II.    ANALYSIS

Vu seeks a writ of habeas corpus for his immediate release from custody, arguing that his continued detention violates the Due Process Clause of the Fifth Amendment.  Pet. ¶¶ 13–15.

This Court has previously held that a § 1231(a) detainee subject to re-detention after their release pursuant to an OSUP is not limited to a *Zadvydas* claim.  *See Nguyen v. Bondi*, No. 3:25-cv-323-KC, 2025 WL 3120516, at *4 (W.D. Tex. Nov. 7, 2025) (citing *Trejo v. Warden of ERO El Paso E. Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at *6–7 (W.D. Tex. Oct. 24, 2025)).  By virtue of the liberty interest obtained through their release, a § 1231(a) re-detainee can also bring a distinct procedural due process claim.  *See id*.  In *Nguyen*, this Court found a procedural due process violation where a Vietnamese national subject to a final order of removal, who had previously been deemed unremovable to Vietnam and released, was re-detained without an individualized assessment of his flight risk and dangerousness by an Immigration Judge ("IJ").  *See id.* at *5–8.  The balance of the *Mathews v. Eldridge* factors weighed in favor of Nguyen because he had a strong liberty interest, the risk of erroneous deprivation was high and easily ameliorated through a bond hearing, there was little evidence that he was a flight risk or danger to the community, and the Government failed to demonstrate that his removal was significantly likely in the reasonably foreseeable future.  *See id.*  Although the Government had submitted Nguyen's travel document request to Vietnam, it failed to provide an expected timeline for

approval, did not attach copies of the submitted request, and the statistics it provided regarding successful removals of Vietnamese nationals did not identify whether any of these individuals, like Nguyen, were pre-1995 refugees. *See id.* at *7. Thus, after approximately three and a half months in detention, this Court ordered Respondents to either provide Nguyen with a bond hearing or release him. *See id.* at *1, 4, 8.

Here, Vu has been detained for about four months and Respondents have yet to submit a travel document request to Vietnam, despite having four months to do so. *See generally* 2d Tello Decl.; Salazar Decl. And they still cannot provide an expected timeline for Vu's removal. Whereas in Nguyen, Respondents at least offered statistics on removal and submitted a travel document request, here Respondents have done neither. Since Vu's release from prison over a decade ago, he could not be removed to Vietnam. In the last four months that Vu has been detained, Respondents have failed to even internally approve Vu's travel document request. Respondents have identified no other country, and have no expected removal date. Indeed, Respondents appear to have taken no action in Vu's case for nearly one month, despite the Court's warning. In short, Vu's removal was not possible before, is not possible now, and "Respondents have not shown that [his] removal is significantly likely to occur in the reasonably foreseeable future." *See Nguyen*, 2025 WL 3120516, at *7 (citations omitted).

Thus, at this time, Respondents' interest in effectuating Vu's removal order is weak. *See id.* at *7–8. And any interest in preventing flight or danger is similarly weak, as Vu was previously released on an OSUP and there is no evidence in the record that he presents a flight risk or committed any crimes or endangered anyone since his release. *See id.* at *6. The Government's interest in re-detaining Vu is thus outweighed by his strong liberty interest from

his many years of freedom in the United States, and the fact that the high risk of erroneous deprivation could be easily ameliorated by a bond hearing.  *See id.* at *5–6.

While there is no doubt that Vu is subject to a final order of removal and that Respondents are entitled to remove him from the United States, when they have essentially failed to take any action to effectuate that removal, they cannot continue to detain Vu without providing him with an individualized custody determination.

## III.   CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED IN PART**.  The Court **ORDERS** that, **on or before May 26, 2026**, Respondents shall either: (1) provide Vu with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Vu's continued detention; or (2) release Vu from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before May 26, 2026**, Respondents shall **FILE** notice informing the Court whether Vu has been released from custody.  If Vu has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph.  Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Vu is released from custody, Respondents shall **RETURN** all of his personal property in their custody to her upon release.  Such property includes, but is not limited to, identification documents.

**There will be no extensions of the May 26, 2026, deadlines.**

**SO ORDERED**.

**SIGNED this 18th day of May, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE